IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TROY D. WHITMORE, | ) | |
| No. N-71463, | ) | |
| | ) | |
|               Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-00638-MJR |
| | ) | |
| S.A. GODINEZ, et al., | ) | |
| | ) | |
|               Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On May 16, 2012, Plaintiff Troy D. Whitmore, an inmate in the custody of the Illinois Department of Corrections, then housed at Pinckneyville Correctional Center ("Pinckneyville"), filed a civil rights action under 42 U.S.C. § 1983, regarding events at Pinckneyville during the period between February and June, 2011. On or about July 9, 2012, Plaintiff left Pinckneyville. By Order dated September 12, 2012, while the complaint was undergoing preliminary review pursuant to 28 U.S.C. § 1915A, the action was dismissed pursuant to Federal Rule of Civil Procedure 41(b), although the Court specified that dismissal was without prejudice (Doc. 9). The case was ordered closed, but a separate final judgment was never entered. Plaintiff's February 28, 2013, "Motion to Reinstate" (Doc. 12) is now before the Court.

### FED.R.CIV.P. 59(e) or 60(e)?

As a preliminary matter, the Court must determine the appropriate procedural mechanism for Plaintiff's motion. Technically, a motion to reinstate or reconsider does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they

generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment or order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze post-judgment motions based on their *substance* as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion ... should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Therefore, this Court assesses motions to reconsider (especially those drafted by *pro se* litigants) based on their substance – i.e., the reasons for relief articulated by the movant -- as opposed to the title the movant chose for the motion or merely the date on which he filed the motion.[1]

Rule 59(e) is only applicable to motions filed no later than 28 days after the entry of judgment. By contrast, a motion under Rule 60(b)(1) alleging mistake, inadvertence, surprise or excusable neglect, may be filed within one year after the entry of judgment. FED. R. CIV. P. 60(c)(1). Based on both the timing and substance of the motion, Rule 60(b) is clearly the appropriate procedural mechanism. Rule 60(b)(1) permits the Court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P.

---

[1] Only motions filed within the 28-day deadline set forth in Rule 59(e) toll the time for filing an appeal. Motions filed after the 28-day period do not suspend the finality of any judgment. *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011).

60(b)(1). The "catch-all" provision in Rule 60(b)(6), allowing relief for "any other reason that justifies relief," may also be applicable. FED.R.CIV.P. 60(b)(6).

## Discussion

Delving a bit more deeply into the record reveals that, although Plaintiff was paroled from the Department of Corrections on July 9, 2012, the Court did not learn that Plaintiff was no longer at Pinckneyville until August 10, 2012, when mail was returned to the Court (Doc. 7). Out of an overabundance of caution, on August 14, 2012, the Court directed Plaintiff to provide his current address by September 11, 2012 (Doc. 8).[2] When no information was forthcoming, the Court dismissed the action on September 12, 2012, due to Plaintiff's failure to prosecute the case. (Doc. 8).

Although dismissal under Federal Rule of Civil Procedure 41(b) is usually with prejudice (meaning that the case was dismissed on the merits and cannot be refiled), Rule 41(b) allows the Court discretion to specify that dismissal is without prejudice—which is what the Court elected to do in the present situation. When a case is dismissed without prejudice, it can be refiled, but the tolling effect on the statute of limitations is erased and the statute of limitations is deemed to have continued running without interruption by the initial filing of the complaint. *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).[3] Consequently,

---

[2] The Court is under no obligation to give an unrepresented plaintiff who has failed to inform the Court of his change of address warning before dismissing his case for failure to prosecute. *See Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993).

[3] Section 1983 actions brought in Illinois have a two-year statute of limitations (tolled while a prisoner exhausts administrative remedies). *Turley v. Rednour*, __F.3d__, 2013 WL 3336713 at *3 (7th Cir. July 3, 2013). Thus, the statute of limitations period had not run when the action was dismissed, but now it may have run out. *See LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) (when determining finality relative to appellate jurisdiction over an involuntary dismissal, the appellate court looks to the status of the case at the time of dismissal).

Plaintiff could have initiated a new case within the two-year limitations period. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

On January 2, 2013, after he had been recommitted to the custody of the Department of Corrections and was housed at Stateville Correctional Center, Plaintiff wrote to the Clerk of Court in order to submit his notice of appeal in another case, *Whitmore v. Snyder*, Case No. 04-cv-00837-PMF (S.D. Ill. Nov. 9, 2012) (judgment against Plaintiff after jury verdict) (Doc. 10). He explained that he had had "multiple changes of address in a short time span", and he inquired about the status of two other cases he had pending in this district (neither of which he could identify by case number or name). On January 2, 2013, the Clerk of Court *sua sponte* updated Plaintiff's address of record in this case and mailed Plaintiff a copy of the order of dismissal (Doc. 11). On February 28, 2013, Plaintiff filed the present motion to reinstate his case.

In addition to the authority under Rule 41(b), the Court had inherent authority to dismiss this action based on Plaintiff's failure to prosecute, *and* in order to control the Court's congested docket. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). Furthermore, Local Rule 3(b) requires an inmate to update his address within seven days. At the time of dismissal, Plaintiff had been out of Pinckneyville for at least two months without notifying the Court of his new address. Plaintiff now attempts to shift the blame to the Illinois Department of Corrections, blaming them for not forwarding his mail (*see* Doc. 12, pp. 2-3). According to Plaintiff, it is the policy and practice of the Department to forward mail to a parolee's address for 30 days, which would have meant he should have received the Court's August 14, 2013, request for an updated address. Plaintiff asserts that he is "not culpably negligent," and that his claims

have merit (Doc. 12, p. 3). Thus, his argument would seem to fit under the "excusable neglect" provision in Rule 60(b)(1).

*Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 395 (1993), describes "excusable neglect" as an "equitable" standard, requiring the Court to take "account of all relevant circumstances surrounding the party's omission ... includ[ing] ... the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." In *Commodity Futures Trading Commission v. Lake Shore Asset Management, Ltd*., 646 F.3d 401, 404-05 (7th Cir. 2011), the appellate court advised, "[t]he stronger the excuse and the graver the adverse consequences of rejecting it relative to the adverse consequences to the opposing party if the excuse is allowed, the more the balance leans toward granting."

At the time of the dismissal order, the prejudice to Plaintiff was slight. Dismissal was without prejudice and he could have filed a new action well within the two-year limitations period. Plaintiff had been paroled for two months without informing the Court of his new address—which is entirely his burden, regardless of the Department of Corrections' policy and practice of forwarding mail to parolees. Without being able to communicate with Plaintiff, who was proceeding *pro se*, his case could not progress. The Court observes that four and a half months after being paroled, Plaintiff wrote to the Court regarding an entirely different case, one that he had pursued since his release, albeit with appointed counsel. See *Whitmore v. Snyder*, Case No. 04-cv-00837-PMF (S.D. Ill. Nov. 9, 2012). Nevertheless, Plaintiff personally appeared for trial in that case on November 5, 2012, but he did not even think to inquire about this case until January 2, 2013—about six months after he was paroled. Even after the Clerk of Court

informed Plaintiff that his case had been dismissed, it still took plaintiff close to three months to move to reinstate his case.

Although *pro se* litigants are afforded extra latitude, they are not entitled to a general dispensation from the rules of procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The Court finds Plaintiff to have been dilatory at every turn. Moreover, he has failed to offer any cause for his own failure to inform the Court of his change of address and his failure to prosecute this action. If Plaintiff is now precluded from refilling what he asserts is a meritorious case, that is entirely his own fault and not "excusable neglect" for purposes of Rule 60(b)(1).

Similarly, Plaintiff's motion fails under Rule 60(b)(6), which affords the Court discretion to fashion a remedy for "any other reason that justifies relief." Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. *See Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). Relief under Rule 60(b)(6) requires diligence, which Plaintiff has failed to show. *See Williams v. Hatcher*, 890 F.2d 993,995 (7th Cir. 1989). Plaintiff has offered nothing that approaches "exceptional circumstances." The Court further notes that the merits of Plaintiff's claims are not as compelling as Plaintiff would have the Court believe. His claims of retaliation, as pleaded, appear to be conclusory—attenuated at best.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Plaintiff's motion to reinstate this action (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 16, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**